**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ANR/GB
F. #2025R00355

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 16, 2026

By Email and ECF

Margaret M. Grasso
Law Office of Margaret M. Grasso
325 Chestnut Street
Suite 800
Philadelphia, PA 19106

Re: United States v. Hector Bermudez et al.
Criminal Docket No. 25-361

Dear Counsel:

Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which will be produced by USAfx. Please note that some of this material is considered Sensitive Discovery Material ("SDM") as that term is defined in the Protective Order in this matter. The government also requests reciprocal discovery from the defendant.

I. The Government's Discovery

A. Documents and Tangible Objects

- The following items:
  - Custodial interviews of the defendant, Bates-numbered VALDEZ_000001 through VALDEZ_000002;
  - Business records from Awes.me, Bates-numbered VALDEZ_000003;
  - Business records from Charter Communications, Bates-numbered VALDEZ_000004 through VALDEZ_000005;
  - Business records from Discord, Bates-numbered VALDEZ_000006 through VALDEZ_00012;
  - Business records from Google, Bates-numbered VALDEZ_000013 through VALDEZ_000017;

- Business records from Inteliquent, Bates-numbered VALDEZ_000018;
- Business records from Leaseweb, Bates-numbered VALDEZ_000019;
- Business records from Meta Platforms, Bates-numbered VALDEZ_000020 through VALDEZ_000021;
- Business records from Microsoft, Bates-numbered VALDEZ_000022;
- Business records from Roblox, Bates-numbered VALDEZ_000023 through VALDEZ_000027;
- Business records from Snap, Bates-numbered VALDEZ_000028 through VALDEZ_000031;
- Business records from TextNow, Bates-numbered VALDEZ_000033;
- Business records from T-Mobile, Bates-numbered VALDEZ_000034;
- Business records from Valve Software, Bates-numbered VALDEZ_000035;
- Business records from WhatsApp, Bates-numbered VALDEZ_000036;
- Search warrant photographs from the defendant's vehicle, Bates-numbered VALDEZ_000037 through VALDEZ_000064;
- Google search warrant return records, Bates-numbered VALDEZ_000065 through VALDEZ_000067;
- Residential search warrant inventory records, Bates-numbered VALDEZ_000068 through VALDEZ_000070;
- Snapchat search warrant report, Bates-numbered VALDEZ_000071; and
- Video review reports, Bates-numbered VALDEZ_000072 through VALDEZ_000149;

You may examine the physical evidence discoverable under Rule 16, including original documents, by contacting me to arrange a mutually convenient time.

Additionally, due to the nature of this case, many discovery materials contain child pornography. Under 18 U.S.C. § 3509(m), these materials are available for review at a government facility. Specifically, materials from the devices of the defendant and his co-defendant Zachary Dosch and attachments associated with the NCMEC CyberTipline Reports are available for review. Please contact the government to arrange a date and time to meet with the case agent. Future productions of Rule 16 discovery that contain child pornography will be treated similarly.

B. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

C. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

D. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

E. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Antoinette N. Rangel
Assistant U.S. Attorney
(718) 254-7481

By: /s/
Gwendelynn Bills
Trial Attorney
Child Exploitation & Obscenity Section
(202) 616-2572

Enclosures

cc: Clerk of the Court (PKC) (by ECF) (without enclosures)
Counsel of Record (by ECF and Email)